**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4123**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TRAYONE MAURICE BURTON,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:07-cr-00773-JFA-1)

Submitted: June 29, 2010          Decided: July 9, 2010

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric Hardy Imperial, THE LAW OFFICES OF ERIC H. IMPERIAL, Washington, D.C., for Appellant. John David Rowell, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Trayone Maurice Burton appeals his conviction and 360 month sentence for conspiracy to possess with intent to distribute and to distribute five kilograms or more of powder cocaine and 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841, 846 (2006) (Count 1); aiding and abetting in the possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (2006) (Count 2); and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922, 924 (2006) (Count 4). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 739 (1967), questioning whether Burton's first attorney was ineffective and whether Burton's sentence was substantively reasonable, but determining there are no meritorious issues on appeal. Additionally, Burton's counsel indicated that Burton wished to raise three issues on appeal: that the district court erred in calculating the drug weight for which he was responsible, rather than the allowing it to be calculated by a jury; the jury should have received an instruction under Pinkerton v. United States, 328 U.S. 640 (1946); and the judge should have granted Burton's motion for a mistrial, based on a witness's reference to Burton's prior cooperation with the Government. The Government has elected not to file a brief. We affirm.

2

Burton's attorney first contends that Burton's original attorney "failed to represent Mr. Burton in any meaningful manner."  In particular, Burton's counsel alleges that Burton's former attorney allowed the Government to interview Burton on numerous occasions outside of counsel's presence, and Burton contended during the trial that his former attorney instructed him to withhold information from the Government.

Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance.  United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  To allow for adequate development of the record, generally claims of ineffective assistance should be brought in a 28 U.S.C.A. § 2255 (West 2006 & Supp. 2010) motion.  United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  After reviewing the record, we find that it does not conclusively establish ineffective assistance.  Therefore, Burton's claims of ineffective assistance are not cognizable on direct appeal.

Burton's counsel next contends that Burton's sentence was unreasonable, as Burton received insufficient credit for both his substantial assistance to the Government and his acceptance of responsibility.  "Regardless of whether the

sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. Id.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 552 U.S. at 49-50. We must then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

We afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness. See Gall, 552 U.S. at 51. Such a presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda,

4

445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted). After reviewing the record, we find that Burton's sentence is both procedurally and substantively reasonable.

Finally, Burton's counsel raises three additional issues in the Anders brief at Burton's instruction. First, Burton avers that the district court erred in calculating the drug weight attributable to Burton, rather than allowing the weight to be calculated by the jury. We find this issue to be without merit.

Next, Burton contends that the jury should have been instructed that it needed to make a finding as to the drug quantity specifically applicable to him in accordance with Pinkerton v. United States, 328 U.S. 640 (1946). However, the principles outlined in Pinkerton are only applicable "when a conspirator is charged with a substantive offense arising from the actions of a coconspirator, not when a conspirator is charged with conspiracy." United States v. Collins, 415 F.3d 304, 313 (4th Cir. 2005). Because Burton was charged with conspiracy, Pinkerton has no bearing on Burton's conviction, and this issue is without merit.

Finally, Burton contends that the district court erred in denying his motion for a mistrial. We review the denial of a motion for a mistrial for abuse of discretion. See United

5

States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). "In order for the trial court's ruling to constitute such an abuse of discretion, the defendant must show prejudice; no prejudice exists, however if the jury could make individual guilt determinations by following the court's cautionary instructions." United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). After reviewing the record, we find that the district court did not abuse its discretion in denying Burton's motion for a mistrial. See United States v. Vogt, 910 F.2d 1184, 1193 (4th Cir. 1990) (finding that witness's impermissible testimony was incidental and not repeatedly referenced by witness or prosecution, and therefore did not warrant mistrial).

We have reviewed the record in accordance with Anders and found no meritorious issues on appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Burton in writing of his right to petition the Supreme Court of the United States for further review. If Burton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials

6

before the court, and argument would not aid the decisional process.

AFFIRMED